UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 13-41073 |
| | ) | Chapter 7 |
| KEVIN L. JACKSON, | ) | |
| | ) | |
| | ) | Hon. Jacqueline P. Cox |
| Debtor. | ) | |
| | ) | Hearing Date: September 28, 2017 |
| | | Hearing Time: 9:30 a.m. |

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**

Name of Applicant:   GUS A. PALOIAN, Chapter 7 Trustee

Period for Which
Compensation is Sought:   January 30, 2014 through the close of the case

Amount of Fees Sought:   $6,450.05

Amount of Expense
Reimbursement Sought:   $   0.00

This is an:   Interim Application _____   Final Application:   X

This is the First and Final Fee Application in the case.

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is:

Date:   September 5, 2017        By:   /s/ Gus A. Paloian

Applicant: GUS A. PALOIAN, Chapter 7 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 13-41073 |
| | ) | Chapter 7 |
| KEVIN L. JACKSON, | ) | |
| | ) | Hon. Jacqueline P. Cox |
| Debtor. | ) | |
| | ) | Hearing Date:  September 28, 2017 |
| | ) | Hearing Time:  9:30 a.m. |

**FIRST AND FINAL APPLICATION FOR ALLOWANCE AND**
**PAYMENT OF COMPENSATION TO CHAPTER 7 TRUSTEE**

Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtor (the "Debtor"), respectfully requests (the "Application") that the Court enter an order, substantially in the form of that attached hereto, allowing and authorizing payment to the Trustee of $6,450.05 in final compensation (the "Fees") for services rendered in the above-captioned case from January 30, 2014, through the closing of the case (the "Application Period").  In support of this Application, the Trustee respectfully states as follows:

## I.  JURISDICTION

1.      This Court has subject matter jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1) and (b)(2)(A) and/or (M). The predicates for the relief requested herein are 11 U.S.C. §§ 326(a) and 330(a), as supported by Federal Rules of Bankruptcy Procedure 2016(a), and 9034(e).

## II. **BACKGROUND**

### A. **Procedural Background**

2.        On September 21, 2013, the Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 through 1330, as amended (the "Bankruptcy Code"), thereby commencing the above-captioned Case.

3.        Thereafter, Gus A. Paloian was appointed as Chapter 7 Trustee for the Estate.

4.        On January 13, 2014, the Trustee filed an Initial Report of Assets, following investigation into certain assets of the Estate.

### B. **Overview of Asset Recoveries for the Estate**

### **Sale of Personal Property**

5.        The Trustee recovered funds from the settlements of two (2) separate litigation claims filed by the Debtor:  (1) a wage claim, and (2) a race class action claim (collectively, the "Litigation Claims").  As a result of the settlements, the Trustee recovered gross proceeds of $138,996.52.

### C. **Services Rendered by the Trustee to the Estate**

6.        During the Application Period, the Trustee performed 35.00 hours of actual and necessary services on behalf of the Estate, worth a total value of $10,980.50.  An itemized statement describing the services rendered is attached hereto as **Exhibit 1.**

7.        The services included, but were not limited to, the following:

A.        Analyzing the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs; conducting a Section 341 examination of the Debtor; conducting an investigation of the Debtor's assets and financial affairs;

B.        Negotiating and coordinating the settlement of the Litigation Claims with Debtor's Counsel;

    C.      Reviewing schedules, bank ledgers and claims in preparation of final

report;

    E.      Communicating with tax accountant with respect to determining the

Estate's tax obligations, if any; and

    F.      Maintaining Estate's bank accounts and performing bank reconciliations.

## III.  RELIEF REQUESTED

8.    The Trustee respectfully requests that the Court allow and award him, on a final

basis, the Fees and authorize him to pay the Fees out of Estate funds, for services rendered in the

Case.  A draft order granting such relief is attached hereto for the Court's consideration.

## IV.  BASIS FOR REQUESTED RELIEF

### A.  Applicable Standards for Trustee Compensation

9.     Sections 326(a) and 330(a) of the Bankruptcy Code guide the Court in determining

the amount of compensation to be awarded to a trustee.  See Staiano v. Cain (In re Lan Assocs.

XI, L.P.), 192 F.3d 109, 115 (3d Cir. 1999);  In re Jenkens, 130 F.3d 1335, 1337 (9th Cir. 1997).

10.     Section 326(a) of the Bankruptcy Code limits the maximum amount of

compensation that may be awarded to a trustee.  See id.;  In re Churchfield Mgmt. & Inv. Corp.,

98 B.R. 838, 889 (Bankr. N.D. Ill. 1989) (Schmetterer, J.).   This amount is "calculated by a

percentage of the moneys brought into the Estate by the trustee's services."  Churchfield Mgmt.

& Inv. Corp., supra.  In this respect, Section 326(a) of the Bankruptcy Code provides, as follows:

> In a case under chapter . . . 11, the court may allow reasonable compensation
> under section 330 of this title of the trustee for the trustee's services, payable
> after the trustee renders such services, not to exceed 25 percent on the first
> $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess
> of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of
> $1,000,000, and reasonable compensation not to exceed 3 percent of such
> moneys in excess of $1,000,000, upon all moneys disbursed or turned over in
> the case by the trustee to parties in interest, excluding the debtor, but
> including holders of secured claims.

11 U.S.C. § 326(a).

11.    The Court has the power to determine the reasonableness of the compensation requested by a trustee, up to the statutory limit.  See In re The Landing, Inc., 142 B.R. 169, 171 (Bankr. N.D. Ohio 1992) (collecting cases).

12.    In this connection, Section 330(a)(1) of the Bankruptcy Code enumerates the general standard for approving trustee requests for compensation, as follows:

> (a)(1)  After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, . . . [or to] a professional person employed under section 327 or 1103—
> (A)  reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person;  and
> (B)  reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

13.    "The ultimate issue to be reached is the question of the extent, value, necessity and reasonableness of the work performed for which compensation is sought by the Trustee and the attorneys and paralegals for the Trustee[.]"  In re Prairie Cent. Ry. Co., 87 B.R. 952, 956 (Bankr. N.D. Ill. 1988) (Squires, J.).

14.    The Trustee respectfully submits that the Application provides the Court with the information necessary to determine the Trustee's reasonable compensation.

## B.  Application of the Cited Standards to the Requested Relief

15.    This Application is the Trustee's first and final application for compensation in this Case.

16.    The Section 326(a) calculation permits the Trustee to receive a potential total fee award of up to $6,450.05.

17.     As part of this Application, the Trustee requests that he be authorized to pay the amount awarded from the funds on hand in the case and that the monies awarded and paid to Trustee be deemed final.

## V.  TRUSTEE'S FINAL REQUEST FOR COMPENSATION

18.     The maximum compensation allowable to Trustee based upon Section 326(a) of the Bankruptcy Code is calculated as follows:

| | | |
|---|---|---|
| 25% of the first $5,000.00 disbursed | = | $1,250.00 |
| 10% of the next $40,000.00 disbursed | = | $4,500.00 |
| 5% of the next $14,000.92 | = | $  700.05 |
| MAXIMUM COMPENSATION ALLOWABLE | = | $6,450.05 |
| **COMPENSATION REQUESTED** | **=** | **$6,450.05** |

19.     As of the date of the Application, the Trustee collected $138,996.52 for the benefit of the Estate and disbursed $16,932.19.  There will be a surplus of funds in the amount of $74,995.60 turned over to the Debtor in this case.

20.     The Trustee requests allowance of final compensation in this case in the amount of $6,450.05.  The amount requested is equal to the maximum compensation allowable as set forth above.  The Trustee believes that this request is justified under a reasonableness analysis of the facts of this case.

21.     The Trustee will distribute the remaining estate funds as set forth in the Final Report.

## VI.  NO PRIOR REQUEST

22.     No prior request for the relief requested by this Application has been made to this Court or to any other court.

WHEREFORE, Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Trustee of the Debtor's Estate, respectfully requests that the Court enter an Order:

A.     Allowing and awarding compensation to Trustee in the amount of $6,450.05 on a final basis;

B.     Authorizing the Trustee to pay the amount awarded from the funds held on account in the Estate as part of his final distribution; and

C.     Granting such other and further relief as the Court deems just and proper.

Dated: September 5, 2017                    Respectfully submitted,

GUS A. PALOIAN, not individually, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

By:/s/ Gus A. Paloian_____
    Gus A. Paloian (06188186)
    SEYFARTH SHAW LLP
    233 South Wacker Drive
    Suite 8000
    Chicago, Illinois 60606
    Telephone:  (312) 460-5000
    gpaloian@seyfarth.com

# EXHIBIT 1

### TRUSTEE

| **Date** | **Description** | **Timekeeper** | **Hours** | **Value** |
| --- | --- | --- | --- | --- |
| 01/30/14 | Confer with G. Paloian regarding case strategy (.10); review conflicts results regarding retention of special counsel to handle class action suits involving the Debtor (.20). | J. McManus | 0.40 | 114.00 |
| 05/13/14 | Confer with J. Ziegler regarding status of case (.10); review files notes regarding class action lawsuits and potential retention of Debtor's existing class action counsel (.10); prepare case status report (.10). | J. McManus | 0.30 | 85.50 |
| 05/15/14 | Download assets and claims into TES. | J. Ziegler | 0.10 | 10.00 |
| 05/21/14 | Run/review Forms 1 & 2 regarding Annual Report. | J. McManus | 0.10 | 28.50 |
| 05/28/14 | Import scheduled claims into TES (.10); map scheduled claims in TES (.40). | J. Ziegler | 0.50 | 50.00 |
| 06/10/14 | Prepare Annual Report. | J. McManus | 0.30 | 85.50 |
| 06/18/14 | Follow-up conference with G. Paloian regarding case status. | J. McManus | 0.20 | 57.00 |
| 07/09/14 | Prepare quarterly case status report. | J. McManus | 0.30 | 85.50 |
| 07/10/14 | Revise Annual Report. | J. McManus | 0.20 | 57.00 |
| 07/16/14 | Enter projected TFR date into TES. | J. Ziegler | 0.10 | 10.00 |
| 07/28/14 | Revise Forms 1 & 2 for Annual Report submission. | J. McManus | 0.40 | 114.00 |
| 07/28/14 | Enter continued 341 meeting date into TES. | J. Ziegler | 0.10 | 10.00 |
| 07/29/14 | Revise coding in TES for Annual Report submission. | J. McManus | 0.30 | 85.50 |
| 07/29/14 | Download schedules from PACER (.10); review same for asset information (.10); download/print claims (.30). | J. Ziegler | 0.50 | 50.00 |
| 07/30/14 | Revise Annual Report. | J. McManus | 0.40 | 114.00 |
| 07/31/14 | Finalize Form 2 edits for Annual Report submission to UST. | J. McManus | 0.30 | 85.50 |
| 08/01/14 | Cause Forms 1 & 2 to be filed with the Court. | J. McManus | 0.10 | 28.50 |
| 08/05/14 | Review claims. | G. Paloian | 0.50 | 325.00 |
| 10/16/14 | Prepare quarterly case status report. | J. McManus | 0.20 | 57.00 |
| 10/17/14 | Telephone conference with attorney handling debtor's lawsuits to request status update. | J. Ziegler | 0.30 | 30.00 |
| 12/09/14 | Confer with G. Paloian regarding case status. | J. McManus | 0.10 | 28.50 |
| 05/07/15 | Prepare 2nd quarter case status report. | J. McManus | 0.20 | 60.00 |
| 05/26/15 | Run/review Forms 1, 2 & 3 for annual report. | J. McManus | 0.20 | 60.00 |
| 07/17/15 | Follow up with J. Ziegler regarding litigation status (.20); prepare case status report (.20). | J. McManus | 0.40 | 120.00 |
| 07/17/15 | Update Form 1. | J. McManus | 0.10 | 30.00 |

| Date | Description | Timekeeper | Hours | Amount |
|---|---|---|---|---|
| 07/21/15 | Link deposits to assets in TES. | J. Ziegler | 0.10 | 10.00 |
| 07/21/15 | Draft letter to class action attorney requesting status report on lawsuits. | J. Ziegler | 0.40 | 40.00 |
| 07/27/15 | Prepare Annual Report. | J. McManus | 0.20 | 60.00 |
| 07/28/15 | Update asset information in TES. | J. Ziegler | 0.20 | 20.00 |
| 07/29/15 | Revise Forms 1 & 2 for Annual Report. | J. McManus | 0.40 | 120.00 |
| 07/29/15 | Complete asset data in TES. | J. Ziegler | 0.20 | 20.00 |
| 07/30/15 | Compile and file TIR with the Court. | J. McManus | 0.20 | 60.00 |
| 03/02/16 | Review claims regarding case closing (.10); confer with G. Paloian regarding same (.10). | J. McManus | 0.20 | 63.00 |
| 07/14/16 | Prepare Annual Report. | J. McManus | 0.20 | 63.00 |
| 07/18/16 | Revise major activity notes. | J. McManus | 0.20 | 63.00 |
| 07/19/16 | Consult with J. McManus regarding TFR. | J. Ziegler | 0.10 | 10.50 |
| 07/22/16 | Revise Annual Report. | J. McManus | 0.30 | 94.50 |
| 07/25/16 | Finalize Annual Report (.30); effect filing of Forms 1 & 2 with the Court (.20). | J. McManus | 0.50 | 157.50 |
| 07/28/16 | Revise assets in TES (.20); prepare W-9 regarding settlement payment (.20); set up bank account (.10). | J. McManus | 0.50 | 157.50 |
| 08/08/16 | Prepare new W-9 for Comcast and submit same to A. Powers. | J. McManus | 0.20 | 63.00 |
| 08/22/16 | Open bank account (.10); deposit settlement funds received regarding Brand v. Comcast (.20); telephone conference with A. Powers regarding status of other settlement funds (.10); emails regarding same (.20); confer with G. Paloian regarding 1099 issues with payment of additional settlement funds (.10). | J. McManus | 0.70 | 220.50 |
| 09/06/16 | Investigate tax returns for estate. | G. Paloian | 0.20 | 139.00 |
| 09/06/16 | Confer with L. West regarding tax returns (.20); update assets in TES (.30); update claims in TES (.20); run draft distribution report for G. Paloian (.30). | J. McManus | 1.00 | 315.00 |
| 09/15/16 | Follow-up regarding receipt of settlement funds (.10); confer with G. Paloian regarding delay in funds being received (.10). | J. McManus | 0.20 | 63.00 |
| 09/22/16 | Run/review Forms 1 & 2 regarding trustee audit. | J. McManus | 0.30 | 94.50 |
| 09/23/16 | Follow-up with A. Powers regarding payment of final settlement funds (.10); update TES Forms 1 & 2 (.20). | J. McManus | 0.30 | 94.50 |
| 09/26/16 | Deposit settlement funds regarding wage discrimination case (.20); deposit settlement funds regarding race discrimination case (.20); confer with G. Paloian regarding case closing status (.10); review/update Forms 1 & 2 (.40). | J. McManus | 0.90 | 283.50 |
| 09/29/16 | Review Forms 1 & 2 regarding Trustee audit. | J. McManus | 0.20 | 63.00 |

| Date | Description | Timekeeper | Hours | Amount |
|---|---|---|---|---|
| 10/07/16 | Update banking files in preparation for U.S. Trustee audit. | J. McManus | 0.30 | 94.50 |
| 10/10/16 | Review additional assets to be abandoned (.10); revise Form 1 (.30). | J. McManus | 0.40 | 126.00 |
| 10/11/16 | Per auditor request, update banking files (.20); revise Forms 1 & 2 (.30); follow-up with litigation counsel regarding status of additional settlement payments (.10). | J. McManus | 0.60 | 189.00 |
| 10/11/16 | Attend to banking matters. | J. Ziegler | 0.20 | 21.00 |
| 10/12/16 | Revise Forms 1 & 2. | J. McManus | 0.20 | 63.00 |
| 10/12/16 | Attend to banking matters. | J. Ziegler | 0.20 | 21.00 |
| 10/18/16 | Follow up regarding final settlement payments (.20); set up task in TES (.10). | J. McManus | 0.30 | 94.50 |
| 10/21/16 | Review/edit Forms 1 & 2. | J. McManus | 0.40 | 126.00 |
| 10/31/16 | Review claims ledger regarding proposed distribution. | J. McManus | 0.20 | 63.00 |
| 11/03/16 | Revise Form 1. | J. McManus | 0.20 | 63.00 |
| 11/04/16 | Attend to tax preparation matters with accountant (.20); prepare draft final report for G. Paloian (.90). | J. McManus | 1.10 | 346.50 |
| 11/07/16 | Communications with J. McManus regarding final report and closure of estate. | G. Paloian | 0.30 | 208.50 |
| 11/07/16 | Confer with L. West regarding retention for tax preparation. | J. McManus | 0.20 | 63.00 |
| 11/08/16 | Communicate with L. West regarding tax return for estate. | G. Paloian | 0.20 | 139.00 |
| 11/08/16 | Email communications with L. West regarding tax returns (.20); update Forms 1 & 2 and submit to L. West (.20). | J. McManus | 0.40 | 126.00 |
| 11/21/16 | Attend to banking matters. | J. Ziegler | 0.10 | 10.50 |
| 11/29/16 | Reconcile Forms 1 & 2. | J. McManus | 0.20 | 63.00 |
| 12/09/16 | Reconcile claims in TES. | J. McManus | 0.20 | 63.00 |
| 12/19/16 | Prepare response to audit report for submission to UST. | J. McManus | 0.60 | 189.00 |
| 12/20/16 | Continue preparing response to audit report (.40); revise Forms 1 & 2 (.40). | J. McManus | 0.80 | 252.00 |
| 01/12/17 | Revise Forms 1 & 2. | J. McManus | 0.20 | 63.00 |
| 01/16/17 | Revise TES claims ledger. | J. McManus | 0.10 | 31.50 |
| 01/30/17 | Prepare W-9 for Noelle Brennan firm. | J. McManus | 0.20 | 63.00 |
| 02/08/17 | Telephone conference with L. West regarding tax returns (.10); edit TES assets ledger (.10). | J. McManus | 0.20 | 63.00 |
| 02/13/17 | Telephone conference with L. West regarding final returns and assemble documents regarding same (.10); prepare distribution report (.40). | J. McManus | 0.50 | 157.50 |
| 02/14/17 | Communications with L. West regarding 2016 and 2017 tax returns (.30); attend to estate banking matters (.20). | G. Paloian | 0.50 | 347.50 |

3

| Date | Description | Attorney | Hours | Amount |
|---|---|---|---|---|
| 02/14/17 | Deposit settlement funds received from Comcast regarding wage case (.30); email exchanges with L. West regarding tax returns (.20); forward tax materials to L. West (.10). | J. McManus | 0.60 | 189.00 |
| 02/14/17 | Review files for tax documents (.30); prepare same for delivery to accountant (.20). | J. Ziegler | 0.50 | 52.50 |
| 02/22/17 | Attend to estate income tax returns for 2016 and 2017. | G. Paloian | 0.40 | 278.00 |
| 02/23/17 | Attend to estate income tax returns for 2016 and 2017. | G. Paloian | 0.20 | 139.00 |
| 02/23/17 | Process checks to IDOR and IRS for payment of Estate income taxes (.30); prepare prompt determination letters to IDOR and IRS (.30); file tax returns (.10). | J. McManus | 0.70 | 220.50 |
| 03/03/17 | Telephone conference with C. Jackson regarding claims (.10); review Court's register to confirm all claims have been included in final distribution (.10). | J. McManus | 0.20 | 63.00 |
| 03/03/17 | Check claims in TES with claims register to ensure all are included and accurate. | J. Ziegler | 0.40 | 42.00 |
| 03/07/17 | Attend to banking matters. | J. Ziegler | 0.70 | 73.50 |
| 03/31/17 | Revise case status report. | J. McManus | 0.20 | 63.00 |
| 04/04/17 | Attend to banking matters. | J. Ziegler | 0.10 | 10.50 |
| 04/11/17 | Revise 1st quarter case status report (.10); revise tax return status spreadsheet (.10). | J. McManus | 0.20 | 63.00 |
| 04/12/17 | Confer with G. Paloian regarding case closing, recent tax notices and abandoning tax refund. | J. McManus | 0.20 | 63.00 |
| 04/19/17 | Revise tax return spreadsheet. | J. McManus | 0.30 | 94.50 |
| 04/28/17 | Review notices from the IDOR (.20); communicate with J. McManus regarding notices and final report (.20). | G. Paloian | 0.40 | 278.00 |
| 04/28/17 | Revise 1st quarter case status report. | J. McManus | 0.30 | 94.50 |
| 05/05/17 | Attend to estate banking matters (.10); review correspondence for Illinois Controller (.20). | G. Paloian | 0.30 | 208.50 |
| 05/05/17 | Effect deposit of refund from Illinois Department of Revenue. | J. Ziegler | 0.40 | 42.00 |
| 05/08/17 | Communicate with J. McManus regarding settlement checks (.10); draft final report (.10). | G. Paloian | 0.20 | 139.00 |
| 05/24/17 | Reconcile bank accounts. | J. McManus | 0.20 | 63.00 |
| 06/05/17 | Run draft distribution report to determine trustee fee and surplus funds (.40); update Trustee claim (.20). | J. McManus | 0.60 | 189.00 |
| 06/07/17 | Prepare Final Report. | J. McManus | 3.10 | 976.50 |
| 06/22/17 | Revise distribution report. | J. McManus | 1.00 | 315.00 |
| 06/23/17 | Revise Final Report. | J. McManus | 0.70 | 220.50 |
| | | | **35.00** | **$10,980.50** |

**Total Fees**                                                                        **$10,980.50**